UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EUGENE LAMAR HAMILTON,

        Plaintiff,

vs.

J. RODRIGUEZ, et. al.,

        Defendants.

        /

No. C 12-4697 PJH (PR)

**ORDER OF DISMISSAL**

    Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

**A. Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff names approximately twenty defendants and states that they planted inmate manufactured weapons in plaintiff's wheelchair and then conspired to have plaintiff found guilty at a disciplinary hearing. As a result of the guilty finding, plaintiff states he was assessed a twelve month loss of time credits. Am. Compl. at 14, 16, 18. Plaintiff seeks monetary damages and expungement of the disciplinary finding from his record. Plaintiff was previously informed that in an amended complaint he must demonstrate that the disciplinary finding has been reversed or expunged to proceed with this action. Plaintiff has failed to address the reversal or expungement of the loss of credits.

Therefore, this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the

1  conviction or sentence has been reversed on direct appeal, expunged by executive order,
2  declared invalid by a state tribunal authorized to make such determination, or called into
3  question by a federal court's issuance of a writ of habeas corpus.  *Id.* at 486-487.  A claim
4  for damages arising from a conviction or sentence that has not been so invalidated is not
5  cognizable under section 1983.  *Id.*  *Heck* has been extended to prison disciplinary
6  hearings where time credits were affected.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.* at 487.

It does not appear this disciplinary finding has been invalidated, so this claim must be dismissed.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

## CONCLUSION

For the reasons set forth above, the complaint is **DISMISSED** and this case is **CLOSED**.  Plaintiff may re-file this case if the underlying disciplinary finding is reversed, expunged or invalidated.

**IT IS SO ORDERED.**

Dated:  February 21, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Hamilton4697.dsm.wpd