UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EUGENE LAMAR HAMILTON,

    Plaintiff,

vs.

J. RODRIGUEZ, et. al.,

    Defendants.

No. C 12-4697 PJH (PR)

**ORDER DENYING MOTION FOR DISCOVERY AND MOTION FOR ENTRY OF JUDGMENT**

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court ordered service on two defendants and dismissed with prejudice approximately eighteen other defendants. Plaintiff's appeal to the Ninth Circuit regarding the dismissal of the eighteen defendants was denied for lack of jurisdiction because the order challenged was not final or appealable. Docket No. 16. Plaintiff has now filed a motion for entry of judgment against these dismissed defendants pursuant to Fed. R. Civ. P. 54(b), so he may return the Ninth Circuit and immediately appeal the dismissal.

Federal Rule of Civil Procedure 54(b) allows for the "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants

for an early and separate judgment as to some claims or parties." *Morrison–Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Plaintiff's case does not merit the entry of judgment under Rule 54(b). Plaintiff's only argument is that the dismissed defendants conduct is inextricably bound to the remaining defendants. Yet, allowing an immediate appeal of some of plaintiff's claims now would be inefficient and piecemeal, as the Ninth Circuit may likely be faced with a second appeal presenting similar issues and premised on the same facts once plaintiff's remaining claims have been finally adjudicated. Plaintiff has presented no reason justifying proceeding in that fashion rather than waiting for one cohesive judgment to appeal at the end of this case. By entering partial judgment, the court would only be needlessly multiplying the number of proceedings and would only burden the Ninth Circuit's already overcrowded docket. Moreover, this is not an unusual case to justify plaintiff's request. Plaintiff alleges that the dismissed defendants who processed and adjudicated his prison disciplinary finding were part of a conspiracy or should have been aware of a conspiracy by the served defendants to retaliate against plaintiff. Yet plaintiff failed to connect the dismissed defendants to any constitutional deprivation and merely presented conclusory allegations that were insufficient pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The motion is denied.

Plaintiff has also filed a motion for discovery. Docket No. 17. Plaintiff seeks the court to order discovery from the California Department of Corrections and Rehabilitation. The court will not construe the filing as a motion to compel, as plaintiff never requested the discovery from defendants. In fact, plaintiff filed the motion before defendants were even served with this action. Thus, plaintiff's motion is premature. Plaintiff should send his discovery requests to defendants, not the court. Plaintiff is also advised to make his discovery requests much more specific and less broad.

The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed.R.Civ.P. 5(d) (listing discovery requests and

responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ .P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

## CONCLUSION

1. Plaintiff's motion for discovery (Docket No. 17) is **DENIED**.

2. Plaintiff's motion for entry of judgment (Docket No. 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 31, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Hamilton4697.ord.wpd