United States District Court<br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EUGENE LAMAR HAMILTON,

    Plaintiff,

  v.

J. RODRIGUEZ, et. al.,

    Defendants.

_____ /

No. C 12-4697 PJH (PR)

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; STAY AND REFERRAL TO MEDIATION**

This is a civil rights case brought pro se by a former state prisoner. The case proceeds on the amended complaint against defendants, correctional officers Rodriguez and Gonzalez, for excessive force and retaliation. Defendants have moved for summary judgment. Plaintiff has filed an opposition, and defendants filed a reply.[1] For the reasons set forth below the motion for summary judgment is denied.

**DISCUSSION**

**I.     Motion for Summary Judgment**

    **A.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

---

[1] Plaintiff was provided notice by defendants at the time of filing this motion of how to oppose summary judgment, pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc). Docket No. 47.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

**B.   Facts**

The following facts are undisputed except where indicated otherwise:

At the relevant time plaintiff was an inmate incarcerated at Salinas Valley State Prison (SVSP) and used a wheelchair. Motion for Summary Judgment (MSJ) at 3-4. Defendants Rodriguez and Gonzalez were correctional officers at the facility. MSJ at 3. On October 6, 2011, inmates were being released into the exercise yard from plaintiff's housing block. MSJ at 4. To be released to the yard, inmates must submit to a clothed body search to ensure the safety and security of staff and inmates. *Id.* Plaintiff while in his wheelchair was approached by defendants for a clothed body search.

Defendants state that neither of them attempted to physically transfer or remove plaintiff from his wheelchair. MSJ at 4. Defendants state they escorted plaintiff to the medical clinic so medical staff could assist in transferring plaintiff to another wheelchair so he and his wheelchair could be searched. MSJ at 5. At the clinic, plaintiff stated he needed help to move out of his wheelchair, and defendants observed medical staff assist plaintiff out of his wheelchair. MSJ at 6. When plaintiff was transferred out of his wheelchair, defendants removed a blanket that had been on the wheelchair and discovered two inmate-manufactured weapons and later prepared a crime incident report. MSJ at 6; Rodriguez Decl. at 8-9. The defendants state they were not aware that plaintiff had filed a previous lawsuit that requested a medical transfer nor did they make any statements that they had "set up" plaintiff. Rodriguez Decl. at 3-4; Gonzalez Decl. at 3-4.

2

When a crime incident report is prepared, a medical evaluation is required.  MSJ at 7.  After the weapons were discovered, plaintiff was medically evaluated by a nurse.  *Id.*  No injuries were reported other than redness and swelling on plaintiff's wrist.  Monroy Decl. at 8.  The first time plaintiff described any injuries from the incident on October 6, 2011, was in an inmate appeal on October 10, 2011.  Papan Decl., Ex. C.  Plaintiff never sought any medical attention for his wrist or back related to this incident.  MSJ at 9.

Plaintiff states that defendants handcuffed him and wheeled him to a private mental health annex area where they used excessive force in removing him from the wheelchair by grabbing him around the neck and wrist while he protested.  Opposition at 3-4.  Plaintiff states that defendants then placed the inmate manufactured weapons on his wheelchair and defendant Rodriguez stated, "it took me a month, but I finally set you up."  Opposition at 4.  Plaintiff contends that Rodriguez later stated, "you're not getting a medical transfer from here we don't do medical transfers from the hole."  Opposition at 5.  Plaintiff states this statement referred to his prior federal case regarding a medical transfer.  *Id.*  Plaintiff states that the excessive force injured his wrist and exacerbated his existing cervical spine injury.  Opposition at 3.  Plaintiff states that defendants then wheeled him to the medical clinic to be assisted by medical staff.  Opposition at 4.

Plaintiff does not allege that Gonzalez made any statements concerning the incident.  Nor does plaintiff claim that he (plaintiff) made any statements to staff at the medical clinic that defendants had just used excessive force and had planted the weapons on his wheelchair.

**C.    Analysis**

**Excessive Force Standard**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation marks

3

and citation omitted). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 302-03); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993).

What is required to establish an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. *Whitley*, 475 U.S. at 320. When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley*, 475 U.S. at 320-21; *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot).

In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *LeMaire*, 12 F.3d at 1454.

A significant injury is not a threshold requirement for stating an excessive force claim. *Hudson*, 503 U.S. at 7. Whether the alleged wrongdoing is objectively harmful enough to establish a constitutional violation is contextual and responsive to contemporary standards of decency. *Id.* at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). This is not to say that the "absence of serious injury" is not relevant to the Eighth Amendment inquiry. *Hudson*, 503 U.S. at 7. The extent of injury suffered by an inmate is one factor

4

that may suggest whether the use of force could possibly have been thought necessary in a particular situation. *Id.*

### Retaliation Standard

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

A prisoner must at least allege that he suffered harm, "since harm that is more than minimal will almost always have a chilling effect." *Rhodes*, 408 F.3d at 567-68 n.11; *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm).  The prisoner need not demonstrate a total chilling of his First Amendment rights in order to establish a retaliation claim.  *See Rhodes*, 408 F.3d at 568-69.  That a prisoner's First Amendment rights were chilled, though not necessarily silenced, is enough.  *Id.* at 569.

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997).   Retaliatory motive may be shown by the timing of the allegedly-retaliatory act and inconsistency with previous actions, as well as by direct evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003).

### Discussion

In this case, material facts remain in dispute regarding the incident and it is decisive for the outcome of the case whether plaintiff's version of the facts is correct or defendants' version is accurate.  If defendants forcibly removed plaintiff from his wheelchair by his neck and wrist, injuring his wrist and back in order to plant weapons on him, then a jury could

find that these actions violated the Eighth Amendment. If defendants never touched plaintiff and medical staff moved him from his wheelchair, then there is no constitutional violation. Defendants argue that the only injury apparent on the day of the incident was redness and swelling on plaintiff's wrist and he did not complain of a back injury until later. However, minor injuries will not defeat an excessive force claim. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury).

In their reply, defendants request the court to disregard plaintiff's statement of facts as he simply repeated the allegations from the complaint. Reply at 2-3. It is noteworthy that plaintiff had only swelling and redness on his wrist and never sought medical attention and that when he was brought to the medical clinic he did not state to the other personnel there that defendants had just used excessive force against him and planted the weapons on his wheelchair. Yet, plaintiff's statement of facts is not entirely incredible and he has submitted a signed declaration which the court must liberally construe. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).[2]

In *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003), the district court granted summary judgment in favor of defendants regarding a Fourth Amendment excessive force claim, and the Ninth Circuit reversed, noting that genuine issues of material fact existed which precluded summary judgment. *Id*. at 412. The Ninth Circuit noted the discrepancies between the accounts of the parties and that one side's "version of the story, unsurprisingly, is very different." *Id*. Looking at the evidence in the light most favorable to

---

[2] Defendants argue that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (police officer entitled to summary judgment based on qualified immunity in light of video evidence capturing plaintiff's reckless driving in attempting to evade capture which utterly discredits plaintiff's claim that there was little or no actual threat to innocent bystanders). Yet, plaintiff's version of events is not completely contradicted by the record in this case, as had been the case with the video evidence in *Scott*.

plaintiff, the Ninth Circuit concluded that he had met his burden in opposing summary judgment. *Id.* at 417  Similarly, in looking at plaintiff's evidence in this case, he has met his burden, and a jury could perhaps conclude there was an Eighth Amendment violation. Summary judgment is therefore denied as to the excessive force claim.

Assuming that defendants did plant the inmate-manufactured weapons on plaintiff's wheelchair to set him up, plaintiff must still demonstrate causation, i.e., that the defendants' actions were due to plaintiff's prior federal civil rights case as plaintiff alleges.[3]  The only evidence to demonstrate this connection is plaintiff's claim that Rodriguez stated he had set him up and stated, "you're not getting a medical transfer from here we don't do medical transfers from the hole."  While this is not a great deal of evidence to demonstrate causation, a jury could find that it was plaintiff's prior court case that was the motivation for Rodriguez's actions. *See Thomas*, 611 F.3d at 1150 (courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly).  Therefore, summary judgment will be denied for Rodriguez because there is a material factual issue in dispute and the court must draw all reasonable inferences in favor of plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  As there is no support for the allegations that Gonzalez was motivated in his actions by plaintiff's prior civil rights case, summary judgment is granted for Gonzalez as to the retaliation claim.

### D. Qualified Immunity

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A court considering a claim of qualified immunity must determine (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established such that it would be

---

[3] Plaintiff states the actions were in retaliation for his case, *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR).

7

clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009) (overruling requirement in *Saucier v. Katz*, 533 U.S. 194 (2001), that court ruling on qualified immunity claim consider first prong of test before addressing second prong). The court may exercise its discretion in deciding which prong to address first. *Id.*

Plaintiff has adequately alleged violations of clearly established constitutional rights, in that a reasonable person in defendants' positions would not have believed that it was lawful to grab plaintiff by the neck and wrist to remove him forcibly from a wheelchair and then place weapons on his person due to the filing of a previous lawsuit. The defendants are therefore not entitled to qualified immunity.

## II.     Further Proceedings

In light of the court's denial of this motion, this case shall be referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will take place within **one hundred and twenty days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the mediation proceedings, file with the court a report of the proceedings.

The court notes that plaintiff has been released from custody and now resides in Los Angeles. It is not clear whether he is on parole and, if so, whether that affects his ability to travel. The court needs this information for scheduling purposes in the event this case does not settle. Plaintiff must provide the following information to the court no later than **August 29, 2014**: (1) if plaintiff is not on parole, he should so inform the court; and (2) if plaintiff is on parole, he should check with his parole agent to learn whether he needs a court order to travel to Oakland for any settlement conference or trial that might occur in this case, and then provide that information to the court.

Plaintiff is also informed that he will need to make his own travel arrangements and pay for his own travel and lodging for any trial or settlement conference. Any trial in this

case would be held in Oakland.  The court does not pay for litigants' travel expenses, even in such cases where the litigant has been granted IFP status, because the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

## CONCLUSION

1. The motion for summary judgment (Docket No. 42) is **DENIED** in part as the case continues on the excessive force claim against Rodriguez and Gonzales and the retaliation claim against Rodriguez.  Summary judgment is granted for the retaliation claim with respect to defendant Gonzalez.

2. The case is referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program.  The clerk will send to Magistrate Judge Vadas in Eureka, California, a copy of this order.  In view of the referral, this case is **STAYED** pending the settlement proceedings.

3. By **August 29, 2014**, plaintiff must provide the court with the information regarding his travel and parole conditions discussed above.

**IT IS SO ORDERED.**

Dated: July 28, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Hamilton4697.msj.wpd